J-A35028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ERICA L. MILTON AND GERALD S. LEPRE, JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| REBECCA WHITE, LEON J. WHITE, JR., AND ESTATE OF LEON J. WHITE, JR., | |
| Appellees | No. 295 WDA 2014 |

Appeal from the Order entered January 10, 2014,
in the Court of Common Pleas of Allegheny County,
Civil Division, at No(s): AR 12-006200

BEFORE: BENDER, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                           **FILED JANUARY 15, 2015**

Erica L. Milton and Gerald S. Lepre, Jr., ("Appellants"), *pro se*, appeal from the trial court's order denying their motion for leave to file an appeal *nunc pro tunc* from a magisterial district court judgment entered in Appellants' favor and against Leon J. White, Jr., ("Decedent")[1]. We affirm.

_____

[1] As discussed more fully ***infra***, Decedent passed away during the pendency of this action. Following his death, Appellants substituted Decedent's daughter, Rebecca White, as a party, and amended the caption to name Ms. White as the sole defendant. ***See*** Appellants' Substitution of Successor, 11/29/12, at 1-2. Appellants averred that Ms. White was the administratrix of Decedent's estate. ***Id.*** at 1. Appellants' amended caption did not specifically note that Rebecca White was being sued in her capacity as administratrix of Decedent's estate, even though that was the basis for the substitution which was set forth within the pleading. ***Id.*** at 1-2. The caption in this appeal, which names Decedent and his estate, does not match the amended caption below. More importantly, the caption in this
*(Footnote Continued Next Page)*

On September 24, 2013, this Court issued an unpublished memorandum quashing Appellants' prior appeal from the trial court's order vacating its order granting Appellants' motion for leave to file an appeal *nunc pro tunc*. Our memorandum set forth the following background:

> The certified record in this case reveals the following relevant background underlying this matter. On November 5, 2012, Appellants filed a document entitled "Motion to Grant Leave to File an Appeal Nunc Pro Tunc[,]" ("the Motion"). That same day, the trial court entered an order granting the Motion. More specifically, the court granted Appellants "leave of thirty (30) days from the date of the entry of this order to file their appeal from the Magistrate Judgment entered on August 14, 2012…" Trial Court Order, 11/05/12. A handwritten note appears on the order. The note seems to indicate that the named defendant, [Decedent], did not appear to oppose the motion.
>
> Appellants filed a "Magistrate Appeal" on November 5, 2012, and a "Praecipe for Lis Pendens" the following day. On November 23, 2012, Appellants filed a complaint against [Decedent]. The complaint was nearly fourteen pages in length and contained multiple counts. In short, it alleged that Appellants and [Decedent] were neighbors. Appellants' primary contention was that, without their permission, [Decedent] built a privacy fence that entered Appellants' property.
>
> On November 28, 2012, [Decedent], by and through [Decedent's estate], filed a "Motion to Quash Appeal from Magisterial District Judgment, Dismissal of Praecipe for Lis Pendens and Request for Sanctions[,]" ("the Motion to Quash"). According to the Motion to Quash, in the summer of 2012, Appellants had a dispute with [Decedent] over a retaining wall. Appellants filed a civil action. After a hearing on their complaint, Appellants were awarded $75.00 on August 14, 2012 [at

*(Footnote Continued)* ────────────────

appeal fails to reflect that Ms. White is not being sued individually, but only in her capacity as administratrix of Decedent's estate.

Magisterial District Court Docket No. MJ-05203-CV-0000113-2012]. Neither party appealed.

The Motion to Quash further averred that, on September 30, 2012, [Decedent] died. Then, on November 2, 2012, Appellants filed the Motion, advising the court that the Motion was uncontested and that they had given notice to [Decedent]. According to [Decedent's estate], Appellants then went forward with their appeal, filed a praecipe for lis pendens, and filed a complaint against [Decedent] with full knowledge that he had died. [Decedent's estate] requested that the court quash the Magistrate Appeal, void its order dated November 2, 2012 (but entered on November 5, 2012), and strike the "Praecipe for Lis Pendens."

On November 29, 2012, Appellants filed a "Suggestion of Death." Appellants suggested that [Decedent] died on September 30, 2012, that an estate had been opened, and that the administratrix of the estate is Rebecca White. On the same day, Appellants also filed a "Substitution of Successor," wherein Appellants suggested that "Rebecca White, the administratrix of [Decedent's estate]" should be substituted for [Decedent] as the defendant in this action. Appellants next filed a response to the Motion to Quash.

On December 17, 2012, the trial court entered an order vacating its order granting the Motion. In support of its decision, the court offered the following cursory opinion[:]

> [Decedent] died on September 30, 2012. [Appellants'] Motion to Grant Leave to File an Appeal Nunc Pro Tunc was presented on November 2, 2012. The motion identified the defendant a[s] [Decedent]. [Appellants] did not file a suggestion of death until November 29, 2012.
>
> I am vacating [the November 5, 2012,] Order of Court because relief was sought and provided against a deceased person.

Trial Court Memorandum, 12/17/12.

On December 20, 2012, Appellants filed a motion for reconsideration. On January 16, 2013, Appellants filed a notice of appeal. []

*\*\**

On February 23, 2013, Appellants filed in the trial court a "Statement of Evidence of Proceedings." According to this document, the trial court held a hearing on December 14, 2012, and a transcript of the hearing is unavailable. Appellants then provided thirteen paragraphs of their recollection of what occurred at the hearing.

On March 1, 2013, [Decedent's estate] filed in the trial court a "Motion to Strike Lis Pendens," wherein [Decedent's estate] again requested that the court strike the lis pendens filed by Appellants. Appellants responded to the motion to strike. On March 15, 2013, the trial court granted the motion to strike. The last item in the certified record is another motion for reconsideration filed by Appellants.

In their brief to this Court, Appellants ask us to consider one question, namely, "DID THE TRIAL COURT COMMIT AN ERROR OF LAW AND/OR ABUSE ITS DISCRETION IN VACATING ITS ORDER GRANTING AN APPEAL NUNC PRO TUNC OR IN FAILING TO PERMIT AN APPEAL NUNC PRO TUNC?" Appellants Brief at 4. Before we can address the merits of this issue, we must determine whether we have jurisdiction over this appeal.

\*\*\*

[Decedent's estate's] Motion to Quash sought an order quashing Appellants' "Magistrate Appeal," voiding the November 5[, 2012] order, and striking the "Praecipe for Lis Pendens." The November 5[, 2012] order granted Appellants' "Motion to Grant Leave to File an Appeal Nunc Pro Tunc," *i.e.*, the Motion.

For whatever reason, in response to the Motion to Quash, the trial court entered an order vacating the November 5[, 2012] order. Such an order failed to address [the Decedent's estate's] request that the court strike the lis pendens, though the court did later grant [the Decedent's estate's] motion to strike the lis pendens after Appellants filed this appeal. Perhaps more problematic is the effect of the December 17[, 2012] order.

In its [order dated December 17, 2012], the court simply vacated its order granting the Motion. The court did not vacate the order granting the Motion and then deny the Motion, nor did it reverse the order granting the Motion. By vacating the order granting the Motion, the court left the Motion without a disposition. In other words, the Motion still is pending in the trial court.

- 4 -

> Stated simply, the December 17[, 2012] order did not dispose of all of the claims or all of the parties in this litigation. The order, therefore, is not a final appealable order. Moreover, we can discern no other manner in which that order could be immediately appealed. For these reasons, we quash the appeal.

*Milton, et al. v. White,* 87 A.3d 391 (Pa. Super. 2013) (unpublished memorandum) at 1-6.

Instantly, the trial court provided the following additional background:

> Upon remand [from the Superior Court of Pennsylvania], I entered an Order of Court on November 26, 2013[,] which provided that each party shall, within twenty days, file a brief which describes any outstanding matters that are pending and sets forth the rulings which the party seeks with respect to these outstanding matters and the law supporting the relief requested.
>
> On December 2, 2013, [Appellants] filed a motion to grant leave to file an appeal *nunc pro tunc*, and on December 6, 2013, [Appellants] filed a brief in support of the motion.

Trial Court Memorandum, 5/21/14, at 1.

On January 10, 2014, after conducting oral arguments, the trial court denied Appellants' motion for leave to file an appeal *nunc pro tunc*, and dismissed Appellants' action. On February 4, 2014, Appellants filed a notice of appeal. The trial court did not order Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 21, 2014, the trial court issued a memorandum "setting forth the reasons for [the trial court's] ruling [which was] filed pursuant to Pa.R.A.P. 1925." Trial Court Memorandum, 5/21/14, at 1.

Appellants present a single issue on appeal, and query as follows:

- 5 -

> I. DID THE TRIAL COURT COMMIT AN ERROR OF LAW, ABUSE ITS DISCRETION AND VIOLATE CONSTITUTIONAL RIGHTS IN GRANTING AND THEREAFTER DENYING APPELLANT'S APPEAL NUNC PRO TUNC?

Appellants' Brief at 4.

We are mindful that:

> "Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the Trial Judge." *McKeown v. Bailey,* 731 A.2d 628, 630 (Pa. Super.1999). This Court will not reverse a trial court's denial of a motion for leave to appeal *nunc pro tunc* unless there is an abuse of discretion. *Rothstein v. Polysciences, Inc.,* 853 A.2d 1072, 1075 (Pa. Super.2004). "An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." *Freeman v. Bonner,* 761 A.2d 1193, 1194–95 (Pa. Super.2000) (internal quotation marks omitted).

***Fischer v. UPMC Northwest,*** 34 A.3d 115, 120 (Pa. Super. 2011).

Here, Appellants contend:

> The trial court committed an error of law and abused its discretion in denying the appeal *nunc pro tunc* in this case under the auspice that Appellant's [sic] failed to prove fraud or a breakdown in court operations i.e. the burden of proof for an appeal nunc pro tunc*.*
>
> ***
>
> [] The court below properly granted this late appeal for defense's failure to appear and oppose such motion; however, the court below later abused its discretion and committed an error of law by re-ruling on this matter, denying the late appeal and in dismissing this case.

Appellants' Brief at 7. We disagree.

In ***Fischer, supra,*** we explained:

To obtain leave to appeal *nunc pro tunc,* the movant must demonstrate that he or she will face more than mere hardship if the request is denied. *McKeown,* 731 A.2d at 630. Generally, "a Trial Court may grant an appeal *nunc pro tunc* when a delay in filing is caused by 'extraordinary circumstances involving fraud or some breakdown in the court's operations through a default of its officers.'" *Id.* "[T]here is a breakdown in the court's operations where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Union Elec. Corp. v. Bd. of Prop. Assessment,* 560 Pa. 481, 746 A.2d 581, 584 (2000). "Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties." *Rothstein,* 853 A.2d at 1075.[FN2]

> FN2. Additionally, an appeal *nunc pro tunc* may be granted in some cases where an appeal was untimely filed because of non-negligent circumstances related to appellant, appellant's counsel, or an agent of appellant's counsel. *Criss v. Wise,* 566 Pa. 437, 781 A.2d 1156, 1159 (2001), *citing Bass v. Commonwealth Bur. of Corrections,* 485 Pa. 256, 401 A.2d 1133 (1979). For an appeal *nunc pro tunc* to be granted on that basis, the appellant must prove that: "(1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." *Id.* "The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss,* 781 A.2d at 1160.

*** 

[] There is no requirement that a party seeking leave to appeal *nunc pro tunc* because of a breakdown in court operations must show lack of prejudice to the opposing party.[FN7] *See generally Criss v. Wise,* 566 Pa. 437, 781 A.2d 1156, 1159–60 (2001) (differentiating between appeal *nunc pro tunc* because

of fraud or breakdown in the court's operations and non-negligent circumstances); *Cook v. Unemployment Comp. Bd. Of Review,* 543 Pa. 381, 671 A.2d 1130, 1131 (1996) (explaining that non-negligent circumstances was new basis for granting appeal *nunc pro tunc*); *Rothstein,* 853 A.2d at 1075 (delineating lack of prejudice to non-moving party as requirement for *nunc pro tunc* appeal in cases involving non-negligent circumstances, but not listing it as separate element in case based on breakdown in the court's operations); *see also Calabrese v. Zeager,* 976 A.2d 1151 (Pa.Super. 2009) (no prejudice analysis when Court found that movant was entitled to appeal *nunc pro tunc* because of breakdown in court operations); *Amicone v. Rok,* 839 A.2d 1109 (Pa.Super.2003) (same); *Nagy v. Best Home Servs., Inc.,* 829 A.2d 1166 (Pa.Super.2003) (same); *McKeown,* 731 A.2d at 628 (same).

> FN7. When a movant is entitled to a *nunc pro tunc* appeal because of a breakdown in court operations, the only additional requirement that the movant must demonstrate is that he pursued his motion for leave to appeal *nunc pro tunc* within a reasonable amount of time. *See Nixon,* 198 A. at 154 (if reason for delay in appeal is due to the court, an appellant must appeal within a reasonable amount of time); *Amicone v. Rok,* 839 A.2d 1109 (Pa.Super.2003) (even though there was a breakdown in court operations, movant not entitled to *nunc pro tunc* appeal because he did not file motion within a reasonable amount of time). In the instant matter, Appellants acted within a reasonable amount of time by filing their motion within five days of receiving a copy of the order from the prothonotary.

*Fischer,* 34 A.3d at 120; 122-123.

Instantly, in denying Appellant's motion for leave to file an appeal *nunc pro tunc*, the trial court reasoned:

> On December 2, 2013, [Appellants] filed a motion to grant leave to file an appeal *nunc pro tunc*[.]
>
> The motion sets forth the following allegations:
>
> [Appellants] filed a complaint against [Decedent] in a magisterial district court. The magisterial district judge entered

- 8 -

a judgment against [Decedent] and in favor of [Appellants] in the amount of $75.00 on August 14, 2012.

On September 10, 2012, [Appellants] forwarded a notice of appeal to the office of the magisterial district judge who had entered the judgment.

On October 14, 2012, [Appellants] contacted the office of the magisterial district judge, inquiring about the status of the appeal. On October 15, 2012, a member of the office left a voicemail advising [Appellants] that the office had not received [Appellants'] notice of appeal and that the appeal needed to be filed in the Common Pleas Court of Allegheny County.

Pa.R.C.P.[M.]D.J, No. 1002 provides that an appeal may be taken within thirty days after the date of the entry of the judgment by filing with the Prothonotary of the Court of Common Pleas a Notice of Appeal. Rule 1005 requires the appellant to serve a copy of the Notice of Appeal upon the appellee and upon the magisterial district judge in whose office the judgment was rendered. Thus, this case does not involve the timely filing in the wrong court but rather the failure to make one of the two filings required by the Rules of Civil Procedure.

Counsel for defendant opposed the motion to file a late appeal based on the case law holding that an appeal *nunc pro tunc* may not be permitted unless the moving party alleges fraud or breakdown in the court's operations, neither of which is alleged in [Appellants'] motion. S*ee McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999); *Union Electric Corp. v. Board of Property Assessment,* 746 A.2d 581, 584 (Pa. 2000). [FN1: [Appellants'] Motion does not contain facts describing a compelling case in which unforeseeable and unavoidable events precluded the timely filing of the appeal. *See Criss v. Wise,* 781 A.2d 1156, 1160 (Pa. 2011).]

For these reasons, I entered my Order of Court which denied [Appellants'] motion to appeal *nunc pro tunc* and dismissed the case.

Trial Court Memorandum, 5/21/14, 1-2. Based on our review of the record and applicable case law, we agree with the trial court.

The trial court is correct in determining that Appellants' appeal was not timely filed in the appropriate court. *See* Trial Court Memorandum, 5/21/14, at 2. The magisterial district court judgment was entered on August 14, 2012. *See* Appellants' Motion to Grant Leave to File an Appeal *Nunc Pro Tunc*, 11/5/12, [Composite] Exhibit 3 - Notice of Judgment, Docket No. MJ-05203-CV-0000113-2012, 8/14/12, at 1-2. Pursuant to the Pennsylvania Rules of Civil Procedure regarding Magisterial District Judges, Appellants were required to file their appeal of the magisterial district judgment in the Allegheny Court of Common Pleas by or before September 13, 2012, with service of a copy of the notice of appeal to Decedent and the magisterial district judge. *See* Pa.R.C.P.M.D.J. Rule 1002(A) ("[a] party aggrieved by a judgment for money … may appeal therefrom within thirty (30) days after the date of the entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal…"); *see also* Rule 1005(A) ("[t]he appellant shall by personal service or by certified or registered mail serve a copy of his notice of appeal upon the appellee and upon the magisterial district judge in whose office the judgment was rendered"). While the notice of appeal which Appellants signed and forwarded to Magisterial District Judge Robert P. Dzvonick on September 10, 2012 stated that "[n]otice is given that the appellant[s] ha[ve] filed in the above Court of Common Pleas [of Allegheny County] an appeal from the judgment rendered by the Magisterial District Judge", Appellants did not actually file the notice of appeal in the Allegheny County Court of Common

Pleas until November 5, 2012. *See* Appellants' Motion to Grant Leave to File an Appeal *Nunc Pro Tunc*, 11/5/12, [Composite] Exhibit 4 – Appellants' September 10, 2012 letter to Magisterial District Court Judge Robert P. Dzvonick and attached Notice of Appeal, at 1, respectively. Accordingly, the record supports the trial court determination that Appellants failed to file a timely appeal of the magisterial district court judgment in the Court of Common Pleas of Allegheny County.

Despite failing to comply with the foregoing procedural rules, Appellants emphasize obtaining leave to file their appeal *nunc pro tunc* at the November 2, 2012 hearing as a compelling reason why their late appeal should not be disallowed. Specifically, Appellants contend:

> The nunc pro tunc appeal was initially granted in this case, insomuch as, [Decedent and his estate] failed to appear and oppose Appellants' motion for the late appeal despite defense receiving the notice of presentation of such motion, the motion itself and the hearing date by United States Post Office via Postal Receipts and hand delivery. [Decedent and his estate] just did not show up at the hearing held regarding Appellants' request for the late appeal. As such, [Decedent and his estate] waived any defense or argument to this late appeal.

Appellants' Brief at 8; *see also* Appellants' Response to Motion to Quash Appeal from Magisterial District Judgment, Dismissal of Praecipe for *Lis Pendens* and Request for Sanctions with New Matter, 12/3/12, Exhibit 3 - Erica L. Milton's Affidavit, 11/29/12, at 1, and Exhibit 4 - Gerald S. Lepre, Jr.'s Affidavit, 11/29/12, at 1 (averring that the trial court granted their motion for leave to file an appeal *nunc pro tunc* on November 2, 2012 "for

- 11 -

[Decedent's] failure or his representatives' failure to appear and contest said motion … [which] … was served upon [Decedent] or his representative by first class mail, postage pre-paid and/or depositing said motion between [Decedent] or his representative's doorway in close proximity to the mailbox on October 16, 2012 prior to [the] hearing on said motion").

We recognize that Pennsylvania Rule of Civil Procedure Rule 440(b) sets forth that "[s]ervice by mail of legal papers other than original process is complete upon mailing." Pa.R.C.P. 440(b). Further, Rule 440(b) "establishes rebuttable presumption that the [legal papers] w[ere] received … and shifts the burden to the recipient that the [legal papers] w[ere] not received. Notably, testimony alone will not rebut the presumption." ***Wheeler v. Red Rose Transit Authority,*** 890 A.2d 1228, 1231 (Pa. Cmwlth. 2006) (internal citation omitted) (affirming trial court's denial of a petition to reinstate an action that had been terminated due to record inactivity where appellant's counsel "failed to rebut the presumption that he received the notice of termination of the case"). However, Appellants' argument disregards the fact that Decedent passed away on September 30, 2012, and thus could not have been served on or about October 16, 2012. ***See*** Appellants' Response to Motion to Quash Appeal from Magisterial District Judgment, Dismissal of Praecipe for *Lis Pendens* and Request for Sanctions with New Matter, 12/3/12, [Composite] Exhibit 6 - Petition for Probate and Grant of Letters, 10/15/12, at 1 (setting forth Decedent's date of death as September 30, 2012). Likewise, while Rebecca White was

granted letters of administration regarding Decedent's estate on October 15, 2012, (*see id.*), Appellants have not presented evidence that they served Ms. White prior to the November 2, 2012 hearing *in her capacity* as the administratrix of Decedent's estate. Indeed, the mailing certificate which Appellants presented concerning their service, *inter alia*, of the motion for leave to file an appeal *nunc pro tunc* and the notice of the November 2, 2012 hearing, was addressed *only* to Decedent. **See** Appellants' Motion for Reconsideration [of the trial court's December 17, 2012 Order], 12/20/12, Exhibit 1 – U[nited] S[tates] Postal Service Certificate of Mailing, 10/17/12, at 1. Therefore, the fact that Appellants prevailed at the November 2, 2012 hearing due to Decedent's or his estate's failure to appear does not preclude the trial court's subsequent order vacating its prior grant of *nunc pro tunc* relief.

Based on our careful review of the record, we do not find that the trial court erred or abused its discretion in denying Appellants' motion for leave to file an appeal *nunc pro tunc*. **See Freeman v. Bonner,** 761 A.2d 1193, 1194-1195 (Pa. Super. 2000) (affirming the trial court's order denying an appeal *nunc pro tunc* where there was no fraud or breakdown in court operations nor non-negligent reasons for the untimely appeal). Appellants have failed to demonstrate how their untimely appeal was "caused by 'extraordinary circumstances involving fraud or some breakdown in the court's operations through a default of its officers.'" **Fischer,** 34 A.3d at 120. Likewise, we find that Appellants have failed to show how their "notice

of appeal was filed late as a result of non-negligent circumstances … shortly after the expiration date … [and that] the appellee was not prejudiced by the delay." *Id.* at 122-123.  Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/15/2015