**Karen FISCHER and Jonathan Fischer, her husband,**
**Appellants**

**v.**

**UPMC NORTHWEST, Northwest Emergency Physicians, LLP, Amanda S. Hartwell, D.O., UPMC Community Medicine, Inc. and Alfonse A. Emmolo, M.D., Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 21, 2011.
Filed Nov. 18, 2011.
Reargument Denied Jan. 30, 2012.

Tricia L. Davis, Pittsburgh, for appellants.

Jeffrey J. Wetzel, Pittsburgh, for Emmolo, appellee.

Ronald M. Puntil, Jr., Pittsburgh, for Hartwell, appellee.

BEFORE: BOWES, DONOHUE, and FREEDBERG, JJ.

## OPINION BY FREEDBERG, J.:

This matter is before the Court on the appeal of Karen Fischer and Jonathan Fischer from the trial court's order filed December 16, 2010, which denied their motion for leave to appeal *nunc pro tunc.* For the reasons set forth herein, we reverse.

On January 29, 2007, Appellants instituted this medical malpractice action. A jury trial commenced on October 19, 2009. At the conclusion of Appellants' case, a nonsuit was granted in favor of Appellees Alfonse A. Emmolo, M.D., and UPMC Community Medicine, Inc. The jury subsequently returned a verdict in favor of Appellees UPMC Northwest, Northwest Emergency Physicians, LLP, and Amanda S. Hartwell, D.O.

On November 9, 2009, Appellants filed a motion for post-trial relief. The trial court denied that motion by order dated February 2, 2010. Appellants contend that they were not served with a copy of that order. Instead, they assert that they did not receive a copy of the order until March 10, 2010, following a conversation on March 3, 2010, with an employee of the prothonotary of Venango County. Upon receipt of the order, Appellants filed a notice of appeal on March 15, 2010. This Court quashed that appeal as untimely by per curiam order dated April 8, 2010. *See* 426 WDA 2010 (Pa.Super. April 8, 2010). Appellants' motion for reconsideration was denied without prejudice, so that Appellants could file a motion for leave to appeal *nunc pro tunc* with the trial court.

On April 27, 2010, Appellants filed a motion for leave to appeal *nunc pro tunc* with the trial court. A hearing was held on Appellants' motion on October 6, 2010. At the hearing, a court reporter and an employee of the prothonotary's office testified. The court reporter testified that she typed the February 2, 2010 order. Notes

of Testimony ("N.T."), Oct. 6, 2010, p. 2. She further testified that, although she is not a member of the prothonotary's office, it is her responsibility to distribute the order to the people copied at the bottom of the order. *Id.* at 3–4. She did not have a specific recollection of sending this order to Appellants' counsel; however, she stated that it is her practice to send the order to counsel as demonstrated by the fact that his name and address were listed at the bottom of the order. *Id.* at 4–5, 8–9.

The prothonotary staff member testified that she spoke about the order with a secretary from Appellants' counsel's office on March 3, 2010. *Id.* at 16, 30. She then investigated whether the order had been filed. *Id.* at 14–15. Her review of the file led her to the conclusion that, even though the order was time stamped February 3, 2010, it had not been entered on the docket. *Id.* at 15. As a result, she entered it on the docket on March 3, 2010; however, she recorded the docket entry as though it had been entered on February 3, 2010, the date of the timestamp. *Id.*

At the hearing, prothonotary staff member was referred to another docket entry dated November 9, 2009, which stated: "Motion for Post–Trial Relief and Order of Court dtd 2/2/10 after consideration said request is hereby denied judgment in favor of the Dfts is affirmed (RLB/J) (CC: Court Reporter/KES; D Hunter/Esq; J Conti/Esq; R Puntil/Esq on 2/3/10)." *See* N.T., Oct. 6, 2010, p. 17. She testified that she had not seen that entry on her review of the file. *Id.* at 17–18. She said that entry demonstrated that another employee of the prothonotary had previously entered the order on the docket because the initials "CMS" appeared next to a check mark on the order. *Id.* at 17–18, 23–24. Thus, the order was entered on the docket twice. *Id.* at 17–18.

The prothonotary staff member further testified that, in Venango County, it is not the responsibility of the prothonotary's staff to mail written notice of orders of court, and that she did not mail or fax the February 2, 2010 order to Appellants' counsel on February 3, 2010. *Id.* at 32–34. Instead, the court reporters, and sometimes the court administration staff, send out the orders; and they note at the bottom of the order, by a "cc," to whom they have sent the order and in what manner. *Id.* She stated that the order contained Appellants' counsel's address following the "cc," but there was no other indication that the order had been mailed to Appellants' counsel. *Id.* at 30. Thus, she testified that she could not positively determine that it was mailed to Appellants' counsel. *Id.* at 23. Because there was no definitive indication that the order had been mailed and because Appellants' counsel stated he did not receive the order, the prothonotary staff member mailed Appellants' counsel a copy of the order on March 10, 2010. *Id.* at 21, 30.

Following the hearing, by order dated December 7, 2010, the trial court denied Appellants' motion for leave to file an appeal *nunc pro tunc*.[1] The trial court subsequently denied Appellants' motion for reconsideration. On January 6, 2011, Appellants filed a notice of appeal of that decision to this Court. The trial court directed Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellants filed on February 2, 2011. On March 4, 2011, the trial court filed a 1925(a) opinion.

---

1. This order is dated December 7, 2010; it was entered on the docket on December 16, 2010.

Appellants raise the following issues on appeal:

Whether the Trial Court abused its discretion and/or misapplied the law when it held that the court recorder's generic testimony that she has a habit of mailing orders a certain way was sufficient to create a presumption of mailing and receipt even though the court recorder testified that she had no specific recollection of mailing the order and there was no testimony by any individual with personal recollection of mailing the Order to [Appellants'] counsel?

. . .

Did the Trial Court abuse its discretion and/or misapply the law when it held that the thirty-day period for appealing the Order commenced on the date that the Order was entered on docket even though the Appellant did not have written notice of the Order as required by Pa.R.Civ.P. 236 and Pennsylvania law?

. . .

Did the Trial Court abuse its discretion and/or misapply the law when it denied [Appellants'] Motion for Leave to Appeal Nunc Pro Tunc even though [Appellants] produced substantial evidence at the Evidentiary Hearing demonstrating that the alleged delay was not caused by [Appellants'] counsel and even though Pennsylvania courts have held that delays longer than 11 days were reasonable under similar circumstances?

Brief for Appellants, p. 6.

■ Prior to addressing Appellants' contentions, we first consider Appellees' assertion that this appeal should be quashed. On February 23, 2011, and February 24, 2011, Appellees filed motions to quash this appeal because Appellants previously raised the issue of whether their appeal of the order which denied the post-trial motions should be heard by this Court by virtue of their motion for reconsideration of this Court's order quashing the direct appeal as untimely; said motion for reconsideration was denied. On March 22, 2011, this Court, per curiam, denied Appellees' motions to quash without prejudice to raise the issue again before the merits panel. Because Appellees have raised this issue again in their briefs, we address it.

In support of their contention that the appeal should be quashed as duplicative of the issue addressed in this Court's decision to quash of April 8, 2010, Appellees rely on *Corbett v. Weisband*, 380 Pa.Super. 292, 551 A.2d 1059 (1988), and *In re G.C.*, 454 Pa.Super. 265, 685 A.2d 180 (1996). In *Corbett*, the plaintiff filed two appeals from the same judgment entered in favor of the same defendant. This Court quashed one of the two because they were identical appeals. In *G.C.*, this Court quashed the appeal of foster parents because the Court had previously determined they lacked standing. This Court noted that its decision on standing was the law of the case; thus, it was bound by that decision.

The instant matter is distinguishable from *Corbett* and *G.C.* Appellants have not filed two appeals from the same order. Nor has there been a prior determination on Appellants' claim that the trial court erred by denying their motion for leave to appeal *nunc pro tunc*. This appeal is not identical to the prior appeal because Appellants are appealing from a new order, not from the judgment that was seemingly untimely appealed based on the face of the record. Moreover, under Appellees' reasoning, a party could never appeal a denial of a petition for leave to file an appeal *nunc pro tunc* if that party's initial direct appeal was quashed as untimely. If we were to so hold, a trial court's refusal to allow such an appeal *nunc pro tunc* would be unappealable. We decline to quash the instant appeal.

▮ "Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the Trial Judge." *McKeown v. Bailey*, 731 A.2d 628, 630 (Pa.Super.1999). This Court will not reverse a trial court's denial of a motion for leave to appeal *nunc pro tunc* unless there is an abuse of discretion. *Rothstein v. Polysciences, Inc.*, 853 A.2d 1072, 1075 (Pa.Super.2004). "An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." *Freeman v. Bonner*, 761 A.2d 1193, 1194–95 (Pa.Super.2000) (internal quotation marks omitted).

▮ To obtain leave to appeal *nunc pro tunc*, the movant must demonstrate that he or she will face more than mere hardship if the request · is denied. *McKeown*, 731 A.2d at 630. Generally, "a Trial Court may grant an appeal *nunc pro tunc* when a delay in filing is caused by 'extraordinary circumstances involving fraud or some breakdown in the court's operations through a default of its officers.'" *Id.* "[T]here is a breakdown in the court's operations where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Union Elec. Corp. v. Bd. of Prop. Assessment,*

560 Pa. 481, 746 A.2d 581, 584 (2000). "Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties." *Rothstein*, 853 A.2d at 1075.[2]

The trial court reasoned that denial of leave to appeal *nunc pro tunc* was appropriate because the court reporter believed that she had mailed the order of February 2, 2010, to Appellants although she had no specific recollection of doing so, and because Appellants' counsel had been notified orally by the prothonotary staff member of the entry of the order on March 3, 2010, one day prior to the expiration of the appeal period.[3] We reject these reasons to deny Appellants' motion for leave to file an appeal *nunc pro tunc*. There was an administrative breakdown because the prothonotary did not comply with Pa.R.C.P. 236, which provides, in relevant part:

**Notice by Prothonotary of Entry of Order or Judgment**

(a) The prothonotary shall immediately give written notice of the entry of

> (1) a judgment entered by confession to the defendant by ordinary mail together with a copy of all documents filed with the prothonotary in support

---

**2.** Additionally, an appeal *nunc pro tunc* may be granted in some cases where an appeal was untimely filed because of non-negligent circumstances related to appellant, appellant's counsel, or an agent of appellant's counsel. *Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156, 1159 (2001), *citing Bass v. Commonwealth Bur. of Corrections*, 485 Pa. 256, 401 A.2d 1133 (1979). For an appeal *nunc pro tunc* to be granted on that basis, the appellant must prove that: "(1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly

after the expiration date; and (3) the appellee was not prejudiced by the delay." *Id.* "The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss*, 781 A.2d at 1160.

**3.** The trial court improperly calculated the appeal period based on the date of the order, which was February 2, 2010.

of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and (2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

*Note:* See Rules 1012 and 1025 as to the requirement of an address on an appearance and a pleading.

(b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

*   *   *

Pursuant to Rule 236, it is the prothonotary's duty to give written notice of entry of the order denying the post-trial motions to Appellants' counsel and to note on the docket that notice was given. Rather than do so, the prothonotary relied on the court reporter to give written notice of entry of the order. This failure of the prothonotary to give notice of the order constituted a breakdown in court operations entitling Appellants to appeal *nunc pro tunc. See Nixon v. Nixon,* 329 Pa. 256, 198 A. 154, 157 (1938); *Pierce v. Penman,* 357 Pa.Super. 225, 515 A.2d 948 (1986); *Brodsky v. Phil. Athletic Club,* 277 Pa.Super. 549, 419 A.2d 1285 (1980); *Weiman by Trahey v. City of Philadelphia,* 129 Pa.Cmwlth. 25, 564 A.2d 557 (1989).

■■■■ Local practice cannot excuse non-compliance with the mandate of a Rule of Civil Procedure. *See Jara v. Rexworks Inc.,* 718 A.2d 788, 791 (Pa.Super.1998)

(noting that an "administrative order does not, nor could any local rule, excuse the prothonotary of the duty to note on the docket the date that notice was mailed" pursuant to Pa.R.C.P. 236(b)). Further, the prothonotary staff member's conversation with Appellants' counsel's secretary on March 3, 2010, did not provide the requisite notice of entry of the order under Pa.R.C.P. 236. *See Frazier v. City of Philadelphia,* 557 Pa. 618, 735 A.2d 113, 115 (1999) (holding that even though "the parties may have received notice of the order [that] does not alter the formal date of its entry and the associated commencement of the period allowed for appeal for purposes of the rules").

Even if we were to determine that it was acceptable for the prothonotary to delegate to the court reporter the responsibility of mailing the order to Appellants' counsel, we would still find there was a breakdown in the court operations entitling Appellants' to file a *nunc pro tunc* appeal. As Pa.R.C.P. 236(b) makes clear, the prothonotary must note on the docket the date the parties are given notice of the order. A civil order is not considered to be entered on the docket until the prothonotary makes a notation on the docket of compliance with the notice requirement of Pa.R.C.P. 236(b). Pa.R.A.P. 108(b).[4] Pa. R.A.P. 903(a) provides that notice of appeal shall be filed within 30 days "after the entry of the order" which is being appealed. The prothonotary staff member's testimony establishes that she did not enter the order denying the post-trial motions onto the docket until March 3, 2010, although she backdated the date of the entry on the docket to February 3, 2010. Thus, the order was not entered for pur-

---

4. Pa.R.A.P. 108 provides, in relevant part: "(b) **Civil orders.** The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."

poses of appeal until March 3, 2010. The time for filing an appeal does not begin to run until: (1) the order has been entered on the appropriate docket; and (2) a notation appears on the docket that proper notice has been given concerning the entry of the order. *Yeaple v. Yeaple,* 485 Pa. 399, 402 A.2d 1022 (1979); *Jara v. Rexworks, Inc., supra.* The appeal filed on March 15, 2010, was timely. Therefore, Appellants' petition should have been granted.

■ We reject Appellees' argument that the "mailbox rule" [5] supports a finding that the order was served on Appellants' counsel on February 3, 2010, when the court reporter may have mailed it. Pa. R.C.P. 236 unambiguously mandates that it is the prothonotary's duty to give written notice of the entry of an order and to note service of that order on the docket. The Rule does not authorize transfer of the prothonotary's duty to others. Rather, the prothonotary must send the order and record the fact of giving notice on the docket. The definitive assignment of responsibility and the requirement of a record of performance of that responsibility are intended to avoid ambiguity and speculation. In the instant matter, the prothonotary did not comply with Rule 236.[6]

■ Finally, Hartwell argues that Appellants' motion for leave to appeal *nunc pro tunc* was properly denied because she would be prejudiced by grant of leave to appeal *nunc pro tunc*. Specifically, Hartwell contends that she would suffer prejudice because her MCARE coverage had previously been denied in this case, and she withdrew her appeal of that decision when Appellants did not file a timely appeal. In support of her argument, Appellee Hartwell cites *In Interest of M.S.K.,* 936 A.2d 103, 105 (Pa.Super.2007) (emphasis added), which states:

> As a general matter, a Trial Court may grant an appeal *nunc pro tunc* when a delay in filing [an appeal] is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers. Where an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, ***and appellee is not prejudiced by the delay,*** the court may allow an appeal nunc pro tunc. *McKeown v. Bailey,* 1999 PA Super 135, 731 A.2d 628, 630 (Pa.Super.1999) (citations omitted).

■ Appellants are not required to demonstrate that Appellees will not be prejudiced in the instant matter. As *M.S.K.* makes clear, if an appeal is untimely because of non-negligent circumstances, an appellant must demonstrate that an

---

5. The mailbox rule provides that "when a letter has been written and signed in the usual course of business and placed in the regular place of mailing, evidence of the custom of the establishment as to the mailing of such letters is receivable as evidence that it was duly mailed." ·*Commonwealth v. Thomas,* 814 A.2d 754, 758 (Pa.Super.2002).

6. Further, it is of no consequence that there is a docket entry dated November 9, 2009, referring to the February 2, 2010 order denying the post-trial motions. On November 9, 2009, a docket entry was created when Appellants filed a motion for post-trial relief. At a later date, an employee of the prothonotary supplemented the November 9, 2009 docket entry, stating that an order dated February 2, 2010, denied Appellants' motion for post-trial relief. There is no evidence when she entered this on the docket. Further, there is no evidence that the prothonotary's office mailed this order to Appellants' counsel when she noted it on the docket.

appellee is not prejudiced. However, in the instant matter, Appellants are entitled to appeal *nunc pro tunc* because of a breakdown in the court's operations. There is no requirement that a party seeking leave to appeal *nunc pro tunc* because of a breakdown in court operations must show lack of prejudice to the opposing party.[7] *See generally Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156, 1159–60 (2001) (differentiating between appeal *nunc pro tunc* because of fraud or breakdown in the court's operations and non-negligent circumstances); *Cook v. Unemployment Comp. Bd. Of Review*, 543 Pa. 381, 671 A.2d 1130, 1131 (1996) (explaining that non-negligent circumstances was new basis for granting appeal *nunc pro tunc*); *Rothstein*, 853 A.2d at 1075 (delineating lack of prejudice to non-moving party as requirement for *nunc pro tunc* appeal in cases involving non-negligent circumstances, but not listing it as separate element in case based on breakdown in the court's operations); *see also Calabrese v. Zeager*, 976 A.2d 1151 (Pa.Super.2009) (no prejudice analysis when Court found that movant was entitled to appeal *nunc pro tunc* because of breakdown in court operations); *Amicone v. Rok*, 839 A.2d 1109 (Pa.Super.2003) (same); *Nagy v. Best Home Servs., Inc.*, 829 A.2d 1166 (Pa.Super.2003) (same); *McKeown*, 731 A.2d at 628 (same).

Order of court reversed; Appellants are granted the right to appeal *nunc pro tunc*.

---

**7.** When a movant is entitled to a *nunc pro tunc* appeal because of a breakdown in court operations, the only additional requirement that the movant must demonstrate is that he pursued his motion for leave to appeal *nunc pro tunc* within a reasonable amount of time. *See Nixon*, 198 A. at 154 (if reason for delay in appeal is due to the court, an appellant must appeal within a reasonable amount of time); *Amicone v. Rok*, 839 A.2d 1109 (Pa.Super.2003) (even though there was a breakdown in court operations, movant not entitled to *nunc pro tunc* appeal because he did not file motion within a reasonable amount of time). In the instant matter, Appellants acted within a reasonable amount of time by filing their motion within five days of receiving a copy of the order from the prothonotary.