J-S73012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALVIN WASHINGTON | : | |
| | : | |
| Appellant | : | No. 1066 MDA 2017 |

Appeal from the Order Entered June 6, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0005006-2013

BEFORE:   OLSON, DUBOW and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 21, 2017**

Appellant, Alvin Washington, appeals *pro se* from the June 6, 2017 order denying him permission to appeal *nunc pro tunc*.  We affirm.

The factual background and procedural history of this case are as follows.  On September 28, 2013, Appellant struck Lisa Ganns ("Ganns") with a machete.  Ganns suffered a significant knee injury because of this attack.  On January 20, 2015, Appellant pled guilty to one count of aggravated assault[1] and was immediately sentenced to 9 to 20 years' imprisonment.  On direct appeal, this Court affirmed the judgment of sentence.  ***Commonwealth v. Washington***, 131 A.3d 107, 2015 WL 6087392 (Pa. Super. 2015) (unpublished memorandum).

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

* Retired Senior Judge assigned to the Superior Court

On October 16, 2015, Appellant filed a *pro se* motion for return of property. After counsel was appointed to represent Appellant in Post-Conviction Relief Act proceedings, the trial court denied the motion. On June 2, 2016, after counsel withdrew, Appellant filed a second *pro se* motion for return of property. On September 12, 2016, the trial court denied the motion.

On September 28, 2016, Appellant moved for reconsideration. The trial court did not act on that motion. On November 7, 2016, Appellant appealed from the September 12 order denying his motion for return of property. This Court quashed the appeal as untimely without prejudice to Appellant's right to seek permission from the trial court to appeal *nunc pro tunc.* **Commonwealth v. Washington**, 1837 MDA 2016 (Pa. Super. Dec. 20, 2016) (*per curiam*). On December 29, 2016, Appellant filed a petition seeking to appeal from the September 12 order *nunc pro tunc*. On June 2, 2017, Appellant filed an amended petition seeking permission to appeal *nunc pro tunc*. On June 6, 2017, the trial court denied the petition. This timely appeal followed.[2]

Appellant presents three issues for our review:

1. Did the trial court abuse its discretion by denying Appellant [the ability to file a *nunc pro tunc* appeal]?

---

[2] On July 7, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On July 17, 2017, Appellant filed his concise statement. On July 19, 2017, he filed a supplemental concise statement. On July 24, 2017, the trial court issued its Rule 1925(a) opinion. All of Appellant's issues were included in his concise statement.

2. Was the trial court's denial of return of property an abuse of discretion and/or contrary to law?

3. Was the forfeiture of Appellant's vehicle by the Commonwealth unconstitutional?

Appellant's Brief at 4.

In his first issue, Appellant argues that the trial court erred in denying his request to file a *nunc pro tunc* appeal. "The denial of an appeal *nunc pro tunc* is within the discretion of the trial court, and we will only reverse for an abuse of that discretion." ***Vietri ex rel. Vietri v. Delaware Valley High Sch.***, 63 A.3d 1281, 1284 (Pa. Super. 2013) (citation omitted). This Court has explained that a

> [t]rial [c]ourt may grant an appeal *nunc pro tunc* when a delay in filing [an appeal] is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers. Where an appeal is not timely because of non-negligent circumstances . . . and the appeal is filed within a short time after the appellant . . . learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*.

***Fischer v. UPMC Nw.***, 34 A.3d 115, 122 (Pa. Super. 2011) (emphasis removed; citation omitted).

Appellant argues that he was not negligent in filing an untimely notice of appeal because he was in the restricted housing unit of his prison. He avers that the prison denied him access to paper while he was in the restricted housing unit and, therefore, he could not file a timely notice of appeal. This

argument is waived. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). In his amended petition, Appellant made a bald assertion that he was unable to file a timely notice of appeal because of governmental interference. *See* Amended Petition For *Nunc Pro Tunc* Appeal, 6/2/17, at 1. He failed to aver that he was unable to file a timely notice of appeal because he was in the restricted housing unit of his prison. Thus, Appellant waived his argument that he was unable to file a timely notice of appeal because he was denied paper while in the restricted housing unit of his prison. The trial court only had a bald assertion of governmental interference when it ruled on Appellant's petition. Under these facts, we conclude that the trial court did not abuse its discretion by denying Appellant's petition to appeal *nunc pro tunc*.

In his second and third issues, Appellant challenges the merits of the trial court's denial of his petition for return of property. We lack jurisdiction over these claims because Appellant did not file a timely notice of appeal and we conclude that the trial court did not abuse its discretion in denying Appellant's request to appeal *nunc pro tunc*. Accordingly, we affirm the order denying Appellant the right to file a *nunc pro tunc* appeal and do not reach the merits of the underlying claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/21/2017</u>