J-A11021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HOUSING & REDEVELOPMENT INSURANCE EXCHANGE & EXCALIBUR INSURANCE MGMT SRVCS | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : : | No. 1546 MDA 2019 |
| BROWN & BROWN OF LEHIGH VALLEY, LP., BROWN & BROWN OF FLORIDA, INC., BROWN & BROWN OF LOUISIANA, LLC, GENERAL PARTNERS, TIMOTHY BACAK, INDIVIDUALLY AND AS AGENT OF BROWN & BROWN OF LEHIGH VALLEY, LP | : : : : : : : : : | |

Appeal from the Order Entered August 7, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2019-04642

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 08, 2020**

Housing & Redevelopment Insurance Exchange ("HARIE") and Excalibur

Insurance Management Services, LLC ("Excalibur"), (collectively "HARIE"),

appeal from trial court order in favor of Brown & Brown of the Lehigh Valley

("Brown & Brown"), denying HARIE's application for a preliminary injunction.

We affirm.

Petitioner HARIE is an insurance exchange doing business in
Pennsylvania, and Petitioner Excalibur is the Attorney-in-Fact for

---

[*] Former Justice specially assigned to the Superior Court.

HARIE. HARIE insures housing authorities, redevelopment authorities and municipal governments in Pennsylvania, which includes providing workers compensation insurance to the Altoona Housing Authority. Respondents Brown & Brown and its agent, Mr. Bacak, provide insurance to governmental clients in Pennsylvania as well.

[HARIE] allege that on or about July 16, 2019, Cheryl Johns, executive director of the Altoona Housing Authority and a member of the HARIE Board of Directors, received an unsolicited email from Mr. Bacak. The email stated that HARIE had recently become non-rated by a national rating agency. *See* Exhibit C to Petitioners' Application for a Preliminary Injunction. Petitioners allege that the email contains libelous misrepresentations, and that [Brown & Brown] sent similar misrepresentations to other insureds, the extent to which is still unknown. . . .

On August 7, 2019, the parties appeared before this court for a hearing on the application and this court heard argument from both sides and denied the application for a preliminary injunction.

Trial Court Opinion, 11/12/19, at 2-3 (some record citations omitted).

On August 13, 2019, HARIE filed a motion for reconsideration of the order refusing to grant the preliminary injunction, which the court denied on August 23, 2019. On September 19, 2019, HARIE appealed *nunc pro tunc* from the denial of their application for preliminary injunction.[1]

_____

[1] On September 13, 2019, HARIE filed a motion to appeal *nunc pro tunc* explaining that HARIE missed the 30-day filing deadline to appeal the court's order denying the preliminary injunction because of the sudden death of counsel's immediate family member. The trial court granted the motion on September 16, 2019, and HARIE filed their notice of appeal on September 19, 2019. On November 21, 2019, Brown & Brown filed an application to quash the appeal with this Court, claiming that "no adequate basis exists for the *nunc pro tunc* relief granted." Application to Quash, at 6.

"An abuse of discretion standard governs our review of the propriety of a grant or denial of an appeal *nunc pro tunc*." *Commonwealth v. White*, 806

HARIE raises one issue on appeal.

1. Whether the Trial Court committed an error of law and/or abuse of discretion in its Order of August 7, 2019, by denying Appellants' Application for Special Relief in the form of a Preliminary Injunction and denying to even offer a Rule to Show Cause allowing the litigants the opportunity to engage in a meaningful hearing on said Application?

HARIE's Br. at 4.[2]

On appeal, HARIE claims that the trial court erred when it denied the request for a preliminary injunction. HARIE argues that the court was incorrect in finding that HARIE had not proved it would suffer immediate and irreparable harm without a preliminary injunction. Conversely, HARIE asserts that "irreparable injury . . . may result from the disruption of established customer relationships, as well as a potential loss of a business opportunity or market advantage." *Id.* at 37. It claims that the extent of damages has not been fully calculated because it is unsure how many of its insureds were contacted and

_____

A.2d 45, 46 (Pa.Super. 2002). "[A]n appeal *nunc pro tunc* may be granted in some cases where an appeal was untimely filed because of non-negligent circumstances related to appellant, appellant's counsel, or an agent of appellant's counsel." *Fischer v. UPMC Nw.*, 34 A.3d 115, 120 n.2 (Pa.Super. 2011) (citing *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001)).

Upon review, we conclude that the trial court did not abuse its discretion when it granted HARIE's motion to appeal *nunc pro tunc* following the sudden death of counsel's family member. Accordingly, we deny Brown & Brown's motion to quash.

[2] Although HARIE's question presented raises the topic of the trial court's failure to conduct a hearing on the preliminary injunction or issue a rule to show cause, HARIE did not develop this claim in their argument. Therefore it is waived. *See* Pa.R.A.P. 2119(a).

whether they will cancel their policies, or whether any potential customers may decide not buy insurance from HARIE. *See id.* at 37-38. Furthermore, HARIE contends that the trial court should have made "an exception to the general rule that equity will not enjoin defamation," because the email from Brown & Brown was reckless and meant to injure HARIE. *Id.* at 21. We disagree.

Appellate courts review a trial court order refusing or granting a preliminary injunction for an abuse of discretion. "We disturb the trial court's decision only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied." *Turner Const. v. Plumbers Local 690*, 130 A.3d 47, 57 (Pa.Super. 2015) (citation and internal quotation marks omitted). Our review of a trial court's order denying or granting a preliminary injunction is "highly deferential." "This highly deferential standard of review states that in reviewing the grant or denial of a preliminary injunction, an appellate court is directed to examine the record to determine if there were any apparently reasonable grounds for the action of the court below." *Warehime v. Warehime*, 860 A.2d 41, 46 (Pa. 2004) (citation, internal quotation marks, and footnote omitted).

A petitioner seeking a preliminary injunction must establish six prerequisites; failure to establish any one of them results in the denial of relief:

> (1) relief is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by money damages;

(2) greater injury will occur from refusing to grant the injunction than from granting it;

(3) the injunction will restore the parties to their status quo as it existed before the alleged wrongful conduct;

(4) the petitioner is likely to prevail on the merits;

(5) the injunction is reasonably suited to abate the offending activity; and

(6) the public interest will not be harmed if the injunction is granted.

***Brayman Constr. Corp. v. Com., Dep't of Transp.***, 13 A.3d 925, 935 (Pa. 2011) (citing ***Summit Towne Centre, Inc. v. Shoe Show of Rocky Mt., Inc.***, 828 A.2d 995, 1001 (Pa. 2003)).

Instantly, the trial court denied HARIE's request for a preliminary injunction after concluding that HARIE failed to establish that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages. The court explained, "The harm that [HARIE] claim[s] that [it] may suffer is loss of business which can easily be calculated, and will be remedied through the legal damages they seek in the complaint." Trial Ct. Op., at 6.

We conclude that the trial court acted within its discretion when it denied HARIE's application for a preliminary injunction. HARIE failed to establish that a preliminary injunction is necessary to prevent immediate and irreparable harm. In its complaint, HARIE alleges that Brown & Brown made libelous and slanderous statements to Altoona and other HARIE insureds, all of whom are customers of HARIE. ***See*** Complaint. If a present or potential customer chooses not to use HARIE's services because of the email, any lost premiums

- 5 -

can be easily calculated and compensated. HARIE's allegations about impairment to its reputation or any other actual harm, aside from these easily calculable and compensable business losses, are merely speculative, and the cases HARIE cites are distinguishable as relating to identifiable lost opportunities. Moreover, damage to reputation is compensable at law with money damages.

Having found support for the trial court's decision based on HARIE's failure to establish the six required prongs for issuance of a preliminary injunction, we do not reach HARIE's argument concerning whether the court should have made an exception to the general prohibition against enjoining defamatory statements. The court appropriately denied HARIE's application based on HARIE's failure to prove the required prerequisites. *See Brayman Const. Corp.*, 13 A.3d at 935. Accordingly, we affirm the trial court's order denying HARIE's petition for a preliminary injunction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/08/2020