J-A25002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MIRIAM OSORIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HALBLEIB AUTOMOTIVE | : | No. 312 WDA 2022 |

Appeal from the Order Entered February 18, 2022,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s): AR-22-000227.

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:      **FILED: NOVEMBER 16, 2022**

Miriam Osorio appeals from the order denying her request to file an appeal *nunc pro tunc* from a magisterial district judge's ("MDJ") judgment in favor of Halbleib Automotive. Upon review, we affirm.

On August 3, 2021, Osorio filed a complaint with a MDJ in Allegheny County, Pennsylvania, against Halbleib seeking money damages for allegedly failing to repair her car. On December 17, 2021, the MDJ entered a judgment in favor of Halbleib. Osorio had until January 18, 2022[1] to file an appeal if she desired. Osorio did not file an appeal.

On January 24, 2022, Osorio filed a motion to file an appeal *nunc pro tunc*. Osorio claimed that a Department of Court Records (DCR) clerk told her

---

[1] The 30th day fell on a Sunday and the next day was Martin Luther King Jr. Day.

that she could file her appeal online. When she tried to file it on the day it was due, she could not find the appeal form. When she called DCR that day, she was told that appeals from a MDJ judgment could not be filed online and had to be filed in person. Since Osorio lived in Bradford County, she was unable to drive to Pittsburgh on January 18, 2022, to file her appeal in person.

On February 18, 2022, the trial court denied Osorio's motion on the basis that Osorio failed to present *prima facia* evidence that there was any miscommunication or misinformation as she claimed on the part of a DCR employee other than her personal recollection of a conversation. However, the court indicated that it would reconsider its decision if she obtained an affidavit from the DCR employee who allegedly gave the misinformation. Osorio did not file a motion for reconsideration.

Instead, Osorio filed this timely appeal. Osorio and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Osorio raises three issues which we have summarized as follows:

A. Whether the trial court abused its discretion in denying Osorio's request to file her appeal *nunc pro tunc* when she alleged that there was a break down in court operations because a DCR employee gave her misinformation about filing her appeal online and by requiring her to obtain an affidavit to support her claim.

B. Whether the trial court abused its discretion in denying Osorio's request to file her appeal *nunc pro tunc* where bad wintery weather existed creating extraordinary circumstances which prevented her from traveling to Allegheny County to timely file her appeal in person.

Osorio's Brief at 6-7.

Osorio argues that the trial court erred in denying her request to appeal *nunc pro tunc*. In reviewing such a decision, we apply the following standard of review:

> Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the trial judge. This Court will not reverse a trial court's denial of a motion for leave to appeal *nunc pro tunc* unless there is an abuse of discretion. An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.

***Fischer v. UPMC Northwest***, 34 A.3d 115, 120 (Pa. Super. 2011) (internal quotations and citations omitted).

> Generally, a trial court may grant an appeal *nunc pro tunc* when a delay in filing is caused by extraordinary circumstances involving fraud or some *breakdown in the court's operations* through a default of its officers.
>
> There is a breakdown in the court's operations where an administrative board or body is negligent, acts improperly or unintentionally misleads a party. Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties.

***Id.*** (internal citations and quotation marks omitted) (emphasis in original).

> Moreover,
>
> where an appeal is not timely because of non-negligent circumstances, either as they relate to [the] appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to

address the untimeliness, and the time period which elapses is of very short duration, and [the] appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*.

***Amicone v. Rok***, 839 A.2d 1109, 1114 (Pa. Super. 2003) (internal citations omitted).

[W]hatever extraordinary circumstance is alleged as the reason for the late filing of the appeal—fraud, breakdown of the court's operation through default of its officers, or non-negligent conduct on the part of appellant, appellant's attorney, or the attorney's staff—the petition to file the appeal *nunc pro tunc* must be filed within a reasonable time after the occurrence of the extraordinary circumstance.

***Id.*** 839 A.2d at 1114.

In her first issue, Osorio claimed that there was a break down in court operations because she was given incorrect information about whether she could file her appeal online. The trial court concluded that she did not satisfy her burden of proof to show good cause for filing late in order to obtain *nunc pro tunc* relief.[2]  In particular, the court found Osorio failed to demonstrate a

---

[2] Pursuant to Rule 1002 A of the Pennsylvania Rules of Civil Procedure for Magisterial District Judges a party has thirty (30) days to file their appeal from the entry of the district judge's judgement with the court of common pleas.  ***See*** Pa.R.C.P.M.D.J. 1002A.  Rule 1002 provides:

Rule 1002. Time and Method of Appeal

A. A party aggrieved by a judgment for money, or a judgment affecting the delivery of possession of real property arising out of a nonresidential lease, may appeal the judgment within 30 days after the date of the entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form that shall be prescribed by the State Court Administrator together with a

*(Footnote Continued Next Page)*

breakdown in operations as she claimed in her motion. The trial court

explained:

> Osorio argued that a DCR employee (Kim) advised her that she could file an appeal electronically and that this represented a breakdown in the court's operation warranting her to be permitted to file an appeal *nunc pro tunc*. I gave her an opportunity to provide some prima facie evidence which she was unable to produce.
>
> In addition, Osorio makes an admission in her Concise Statement of Errors paragraph 15 that her conversation with Kim from DCR took place on 12/7/2021, ten (10) days before the judgement was entered in this case and about another case that she was a party to. At the time of this conversation, Osorio was attempting to change her address on the docket electronically. When Osorio called DCR she spoke to Kim who advised her that she could not make a change of address electronically but rather had to be completed in person or by mail. I note that Osorio never avers that she asked Kim from DCR specifically about whether a party could file an appeal electronically or about the case sub judice, but rather their conversation was limited to the procedure of changing of a party's address with DCR on another case.
>
> It appears that Osorio made the incorrect assumption from this prior conversation about a different DCR procedure and different case that she could file an appeal electronically. I do not find this a sufficient breakdown in the operation of the court to equate to an extraordinary circumstance for good cause. By Osorio's own admission she did not specifically seek advisement from DCR on filing an appeal electronically until January 18, 2022, the date the

---

> copy of the Notice of Judgment issued by the magisterial district judge. The prothonotary shall not accept an appeal from an aggrieved parry that is presented for filing more than 30 days after the date of entry of the judgment without leave of court and ***upon good cause shown.***

Pa.R.C.P.M.D.J. 1002 (emphasis added).

> statute ran and was told correctly that she could not file her appeal electronically.

Trial Court Opinion, 5/4/22, at 3. Upon her initial presentation, the trial court did not find Osorio to be credible. Consequently, there was not enough evidence for the court to grant Osorio's petition. As is evident from Osorio's own admissions, the trial court's initial refusal to accept her explanation outright, without further substantiation, was warranted. The trial court was generous in giving her some guidance and affording her another chance. That the DCR employee would not give her an affidavit does not constitute an error on the court's part. Osorio could have presented some other evidence if it existed, but again what she had originally alleged in her petition was not accurate and could not be substantiated. Consequently, the trial court did not abuse its discretion in finding that there was no breakdown in the court's operations which warranted the filing of Osario's appeal *nunc pro tunc*.

Osorio additionally claims that the bad, snowy weather on the day her appeal was due created extraordinary circumstances which prevented her from driving to Pittsburgh to file her appeal that day. We observe however that Osorio never presented this specific argument to the trial court. Instead, she only claimed that she lived 5 hours away with kids in school and being so late in the day. Having failed to raise this specific issue before the trial court, Osorio has waived it for appellate review. Pa.R.A.P. 302(a) (issues not raised in the trial court are waived on appeal). We therefore do not address the merits.

Based upon review, we conclude that the trial court did not abuse its discretion in denying Osorio's petition to file her MDJ appeal *nunc pro tunc*.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2022