J-A03037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHATHAM PARK SECTION IV LP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWIN FISCHL | : | |
| | : | |
| Appellant | : | No. 621 WDA 2023 |

Appeal from the Order Entered May 4, 2023
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): LT-23-000531

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED: February 12, 2024**

Edwin Fischl (Appellant), *pro se*, appeals from the order denying his motion to file an appeal *nunc pro tunc* from the judgment of a magisterial district judge (MDJ) entered against him and in favor of Chatham Park Section IV, LP (Landlord), in this landlord-tenant dispute. We affirm.

Initially, we observe the certified record does not include any documents filed prior to Appellant's "Emergency Motion to File Late Appeal." We glean the relevant factual and procedural background from the sparse record before us, the trial court's opinion, and the parties' briefs.[1]

---

[1] We emphasize that it is Appellant's responsibility to supply this Court with a complete certified record. ***Brandon v. Ryder Truck Rental, Inc.***, 34 A.3d 104, 106 n.1 (Pa. Super. 2011).

Landlord owns the Carriage Park apartment complex located in Pittsburgh, Pennsylvania.[2]  Appellant and Landlord executed a residential lease agreement in January 2022.  **See** Landlord's Complaint, Plaintiff's Exhibit 1.  According to Appellant, he quickly experienced myriad issues with the rental unit, including a cockroach infestation, a malfunctioning laundry machine, and a toilet that did not flush.  **See** Appellant's Brief at 4-7, 10, 35 (unnumbered).  Appellant argued Landlord did not resolve these problems despite repeated notice by Appellant.  **See id.** at 5-7, 9-10, 36-38 (unnumbered).

The parties previously were involved in two MDJ actions, both of which were initiated by Landlord in 2022.[3]  At MJ-05222-LT-0000118-2022, Landlord filed a complaint with the MDJ seeking unpaid rent and possession of the property.  On October 18, 2022, the MDJ entered judgment for Landlord in the amount of $4,215.67 (including $3,646.67 rent in arrears, plus costs and attorney fees).  Appellant satisfied the judgment to avoid eviction.

_____

[2] Appellant sometimes separately references "Dreyfuss Management" in his brief.  Dreyfuss Management is the property management firm for Carriage Park.  **See** Dreyfuss Management, https://www.drefuss.net (last visited Jan. 17, 2024); Carriage Park Apartments, https://www.carriageparkapts.com (last visited Jan. 17, 2024).

[3] Official documents pertaining to these actions are among those absent from the certified record.  We have ascertained the key events in these actions from the public dockets available at https://ujsportal.pacourts.us/CaseSearch.

At MJ-05222-LT-0000173-2022, Landlord again filed a complaint with the MDJ seeking unpaid rent and possession of the property. The MDJ entered judgment for Landlord in the amount of $5,704.23 (including $4,993.81 rent in arrears, plus costs, server fees, and attorney fees). Appellant satisfied the judgment.

On January 24, 2023, Landlord filed the complaint for unpaid rent and possession underlying this appeal. The MDJ held a hearing on March 28, 2023, at which Appellant did not appear. The MDJ entered judgment for Landlord in the amount of $6,122.16 (including $5,421.46 rent in arrears, plus costs, server fees, and attorney fees). At Landlord's request, the MDJ issued an order for possession on April 12, 2023.

Nearly two weeks later, on April 24, 2023,[4] Appellant filed a motion to file an appeal *nunc pro tunc* in the Court of Common Pleas. In support of his motion, Appellant argued, *inter alia*, 1) Landlord's itemized statements reflect accounting errors; 2) Landlord was aware of and failed to remedy various problems in the property; and 3) Appellant is eligible for various housing support grants, which had paid funds to Landlord in the past. **See** Emergency Motion to File Late Appeal, 4/24/23. Appellant sought permission to file a late appeal because he "just became informed of information that was not clear or known to [Appellant]." **Id.** Appellant also alleged that an attorney at

---

[4] Notably, Appellant's eviction was scheduled for the same date.

Neighborhood Legal Services promised to file "the paperwork" on Appellant's behalf but failed to do so. *Id.*

The trial court stayed Appellant's eviction until it could hear argument on his motion. On May 4, 2023, after argument, the trial court denied Appellant's motion as to possession. Order, 5/4/23; *see also id.* ("This Order does not affect [Appellant's] right to file a timely appeal as to money damages only…."). The court also directed Appellant's eviction to proceed on June 1, 2023.

On May 25, 2023, Appellant filed a *pro se* "Petition for Permission to Appeal," which this Court docketed as a notice of appeal.[5] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement. The court nevertheless filed an opinion on July 17, 2023.

Initially, we observe that Appellant's *pro se* appellate brief does not include the components required by the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements for each subsection). "Briefs … shall conform in all material respects with the requirements of these rules … and, if the defects in the brief … are substantial, the appeal … may be quashed or dismissed." Pa.R.A.P. 2101. Moreover,

---

[5] Since filing the instant appeal, Appellant has continued to file *pro se* applications for relief in this Court, which largely restated his prior arguments and requested a stay of his eviction. Each of those applications for relief were denied or dismissed.

[w]hile this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because he lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

*Satiro v. Maninno*, 237 A.3d 1145, 1151 (Pa. Super. 2020) (citation omitted).

Most significant is Appellant's failure to include a statement of questions involved or otherwise identify with specificity the issues he wishes to raise on appeal. *See* Pa.R.A.P. 2116(a). Appellant also failed to cite to or discuss relevant legal authority in support of his claim. *See* Pa.R.A.P. 2119(a). The defects in Appellant's brief are substantial, and we could dismiss his appeal on this basis. *See* Pa.R.A.P. 2101; *Elliot-Greenleaf, P.C. v. Rothstein*, 255 A.3d 539, 542 (Pa. Super. 2021). Nevertheless, to the extent we can discern his argument, we address Appellant's challenge to the denial of his motion to file a *nunc pro tunc* appeal in the Court of Common Pleas.[6]

We review a court's denial of allowance of appeal *nunc pro tunc* under the following standard:

Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the trial judge. This Court will not reverse a trial court's denial of a motion for leave to appeal *nunc pro tunc* unless there is an abuse of discretion. An abuse of discretion is not merely an error of judgment but is found where the law is overridden or

_____

[6] Throughout most of his brief, Appellant bemoans the condition of his rental unit and Landlord's failure to fix a litany of problems. However, Appellant has not advanced a legal claim in connection with these complaints.

misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.

*Fischer v. UPMC Northwest*, 34 A.3d 115, 120 (Pa. Super. 2011) (citations and quotation marks omitted; some capitalization altered).

The Pennsylvania Rule of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges 1002(B)(1) provides:

> [A] party aggrieved by a judgment for delivery of possession of real property arising out of a residential lease may appeal the judgment within 10 days after the date by filing with the prothonotary of the court of common pleas a notice of appeal on a form that shall be prescribed by the State Court Administrator, together with a copy of the Notice of Judgment issued by the magisterial district judgment. The prothonotary shall not accept an appeal from an aggrieved party that is presented for filing more than 10 days after the date of entry of judgment without leave of court and upon good cause shown.

Pa.R.C.P.M.D.J. 1002(B)(1).

The trial court has discretion to permit an appeal *nunc pro tunc* from an MDJ decision. "To obtain leave to appeal *nunc pro tunc*, the movant must demonstrate that he … will face more than mere hardship if the request is denied." *Fisher*, 34 A.3d at 120. An appeal *nunc pro tunc* is generally granted only in the event of extraordinary circumstances, such as fraud or a breakdown in the court's operations. *See id.*

> Additionally, an appeal *nunc pro tunc* may be granted in some cases where an appeal was untimely filed because of non-negligent circumstances related to appellant, appellant's counsel, or an agent of appellant's counsel. For an appeal *nunc pro tunc* to be granted on that basis, the appellant must prove that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or

the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that []he attempted to file an appeal, but unforeseeable and unavoidable events precluded h[im] from actually doing so.

*Id.* at 120 n.2 (citations and quotation marks omitted).

Instantly, Appellant offers a single, rambling, and partially incoherent sentence to support his argument in favor of permitting a *nunc pro tunc* appeal. **See** Appellant's Brief at 58. Appellant offers three excuses for filing his untimely appeal from the MDJ's order: (1) he obtained new information; (2) he suffered health problems which prevented him from filing an appeal; and (3) an MDJ appeal had to be filed in person, rather than online, and "the person [who] represented they would do it for [Appellant] did not do it." **Id.**

Appellant's bare assertions do not establish a basis for relief. Appellant does not allege that his failure to timely appeal was the result of fraud or a breakdown in court operations. **Cf. Fisher**, 34 A.3d at 120. Further, Appellant failed to establish a non-negligent reason for his untimely filing. **See id.** We therefore conclude the trial court did not abuse its discretion by denying Appellant's motion to file a late appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 02/12/2024