J-S07033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| 360 PERFORMANCE AUTOMOTIVE, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 682 MDA 2024 |
| RASHAWN NELSON | : | |

Appeal from the Order Entered April 9, 2024
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
202109977

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: MAY 30, 2025**

Appellant, 360 Performance Automotive, LLC, appeals from the order entered in the Luzerne County Court of Common Pleas, which denied its petition for an order to permit the sheriff to break a lock and enter the premises of Appellee, Rashawn Nelson, and serve a writ of execution and inventory Appellee's property. For the following reasons, we vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On June 22, 2021, Appellant obtained a default judgment against Appellee in the magisterial district court.[1] On October 6, 2021, Appellant filed a *praecipe* for entry of judgment against Appellee in the Court of Common Pleas. On

_____

[1] The record is unclear as to the relationship between the parties in this case or the basis upon which the default judgment was entered.

September 18, 2023, Appellant filed a *praecipe* for writ of execution against Appellee.[2] The certificate of service states that Appellant served the *praecipe* for writ of execution and the writ of execution on Appellee by first class mail.

On January 25, 2024, Appellant filed a petition, seeking an order to permit the Luzerne County Sheriff to break a lock and enter Appellee's premises to serve a writ of execution and inventory Appellee's property. In the petition, Appellant averred that on September 22, 2023, the sheriff had attempted to serve the writ of execution on Appellee, but Appellee refused to permit the sheriff entry. Attached as Exhibit A to this petition was the Sheriff's Return of Service, which states that "the defendant refused entry into the property. Defendant refused me entry." (**See** Petition for an Order to Permit the Sheriff to Break Lock and [Enter] Premises to Serve Writ of Execution and Inventory Personal Property, 1/25/24, at Ex. A). The certificate of service attached to this petition states that Appellant served it upon Appellee by first class mail and "thereafter personally served by the Sheriff's Office of Luzerne County." (**See id.** at Certificate of Service).

On January 30, 2024, the court issued a rule to show cause why the petition should not be granted and scheduled a hearing for March 11, 2024. Nevertheless, on March 7, 2024, both Appellant and Appellee requested a continuance. The trial court opinion states that Appellee "brought a motion for continuance of the March 11, 2024 hearing. As [Appellee] was first to be

---

[2] The record does not explain the almost two-year gap between the entry of judgment and the *praecipe* for writ of execution.

heard on the motion, this [c]ourt granted his motion and the hearing was moved to the April 8, 2024 miscellaneous court list. This [c]ourt informed [Appellant's] counsel that the hearing was already continued when he presented [Appellant's] motion [for a continuance]." (Trial Court Opinion, 9/10/24, at 1-2). The docket indicates that the continuance order was docketed on March 7, 2024. However, the docket does not confirm whether Pa.R.C.P. 236 notice was issued.[3]

On April 8, 2024, the court convened a hearing at which Appellee appeared, but neither Appellant nor Appellant's counsel were present. On April 9, 2024, the court denied Appellant's petition based on Appellant's failure to appear at the hearing or provide a comprehensive brief in support of its position.

On May 9, 2024, Appellant timely filed a notice of appeal. On May 13, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On May 31, 2024, Appellant timely complied.

Appellant raises one issue for our review:

> Whether the trial court committed plain error or abused its discretion in denying Appellant's petition for an order to permit the sheriff to break a lock and enter the premises to serve a writ of execution and to inventory Appellee's personal property for a sheriff sale based upon an unappealed judgment of the District Magistrate Court?

---

[3] Interestingly, the order itself states that "movant shall promptly serve all counsel and self-represented parties with this order." (**See** Order, 3/7/24). There is no indication in the record that Appellee served the order on Appellant. Further, it is unclear why the court would order a party to serve a court order instead of the court.

(Appellant's Brief at 2).

As a preliminary matter, we note that Pennsylvania Rule of Civil Procedure 236 provides, in relevant part:

> **Rule 236. Notice by Prothonotary of Entry of Order or Judgment**
>
> (a) The prothonotary shall immediately give written notice of the entry of
>
> \*    \*    \*
>
> (2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party.  The notice shall include a copy of the order or judgment.
>
> (b) The prothonotary shall **note in the docket the giving of the notice**[.]

Pa.R.C.P. 236(a)(2) and (b) (emphasis added).

This Court has observed:

> Our Supreme Court, in **Frazier v. City of Philadelphia**, 557 Pa. 618, 735 A.2d 113 (1999), held (in the context of a notice of appeal) that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given." **Frazier**, 735 A.2d at 115 (citation omitted).  The parties' receipts of notice of the order do not alter the formal date of the order's entry on the docket and the associated commencement of the period allowed for appeal for purposes of the rules. **Id.**  The **Frazier** Court's holding is a bright-line rule that is to be interpreted strictly.  **In re L.M.**, 923 A.2d 505, 509 (Pa.Super. 2007).
>
> In [**Fischer v. UPMC Northwest**, 34 A.3d 115, 121 (Pa.Super. 2011)], this Court, in applying the **Frazier** bright-line rule, held, "it is the prothonotary's duty to give written notice of entry of the order denying…post-trial motions to [the appellant's] counsel and **to note on the**

- 4 -

**docket that notice was given**." [**Fischer, supra** at 121] (emphasis added). The **Fischer** Court further held that the "failure of the [p]rothonotary to give notice of the order [denying the post-trial motion] constituted a breakdown in court operations[.]" **Id.** Moreover, local practice cannot excuse the prothonotary's non-compliance with the notification mandate and procedural requirement set forth in Rule 236. **Id.** The prothonotary must specifically note on the docket the date that Rule 236 notice was given to the appropriate parties. **Id.** This procedural requirement serves "to promote clarity, certainty and ease of determination, so that an appellate court will immediately know whether [a pleading] was [filed] in a timely manner, thus eliminating the need for a case-by-case factual determination." **Frazier**, 735 A.2d at 115 (citation omitted).

**Carr v. Michuck**, 234 A.3d 797, 805 (Pa.Super. 2020). **See also Erie Insurance Exchange v. Wilton**, No. 325 MDA 2021 (Pa.Super. filed Feb. 9, 2022) (unpublished memorandum),[4] *appeal denied*, ___ Pa. ___, 285 A.3d 884 (2022) (noting that appellant did not waive right to challenge summary judgment ruling based on appellant's failure to attend oral argument on motion for summary judgment where docket did not confirm that Rule 236 notice of court's scheduling order concerning hearing was provided to appellant, constituting breakdown in court operations).

Instantly, Appellant asserts that it did not receive notice of the rescheduled hearing. Our review of the record supports this assertion. Initially, it is unclear whether Appellant's counsel was present in court on March 7, 2024 when the court rescheduled the hearing. Further, even if

_____

[4] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

counsel was present on March 7, 2024, nothing in the docket indicates that the prothonotary issued appropriate notice of the court's March 7, 2024 rescheduling order per Rule 236. **See Carr, supra**; **Erie, supra**. As the court denied relief on Appellant's petition (at least in part) based on Appellant's failure to appear at the April 8, 2024 hearing, the best resolution of this appeal is to vacate and remand for further proceedings. Upon remand, the court shall reschedule a hearing so that Appellant is entitled the opportunity to be heard on its petition.[5] Accordingly, we vacate and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/30/2025

---

[5] We recognize that the court stated in its Rule 1925(a) opinion that service of the writ was defective such that Appellant is not entitled to relief. Nevertheless, Appellant should be afforded an opportunity to prove its claims regarding service at a hearing.