J-A09014-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| C.E. KUROWSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLORIA CAITLIN | : | No. 1082 WDA 2019 |

Appeal from the Judgment Entered August 13, 2019
In the Court of Common Pleas of Washington County Civil Division at
No(s):  No. 2019-358

BEFORE:   SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                FILED OCTOBER 28, 2020

Appellant, C.E. Kurowski, appeals from the judgment entered on August 13, 2019, in the Court of Common Pleas of Washington County.  We reverse and remand for proceedings consistent with this memorandum.

This matter involved a landlord-and-tenant dispute.  Gloria Caitlin ("Caitlin") entered into a lease ("the Lease") for rental of property at 44 East Prospect Avenue, #1, Washington, Pennsylvania, 15301.  Appellant was the Lessor.[1]  Appellant's Exhibit 1, Contract to Lease, 8/28/18, at 1.  The Lease was in effect from August 28, 2018, until August 28, 2019.  Id.  On October 29, 2018, Appellant sent Caitlin a "Notice to Remove from Premises"

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  Appellant is also an attorney, and he represented himself in these proceedings.

by November 30, 2018, asserting that she had breached the Lease by failing to pay two month's rent and late fees. Appellant's Exhibit 6, Notice to Remove from Premises, 10/29/18, at 1. On December 12, 2018, Appellant sent Caitlin a letter, advising her rent had not been received. Appellant's Exhibit 2, Letter, 12/12/18, at 1. Appellant filed a complaint with the magisterial district court of Washington County on December 26, 2018, alleging breach of the Lease and seeking cleaning fees, remaining rent due, attorney's fees, and possession of the property. Appellant's Exhibit A, Landlord/Tenant Complaint, 12/26/18, at 1.

The magisterial district court found Caitlin to be in breach of the Lease, awarded Appellant $1,717.72 in a monetary judgment, and granted Appellant possession of the property. Notice of Judgment, 1/7/19, at 1. Caitlin was ordered to vacate the premises by January 30, 2019. Id. at 3. Caitlin filed a notice of appeal, pro se, from the magisterial district judge to the court of common pleas. The docket reflects that the appeal was filed with the Court of Common Pleas of Washington County on January 18, 2019. Caitlin also filed a petition to appeal nunc pro tunc on January 18, 2019, seeking permission to file the appeal nunc pro tunc and in support of this request explained: "I turned my paperwork in to the wrong judge on 1-17-19." Petition to Appeal Nunc Pro Tunc, 1/18/19, at 1. Caitlin also filed a petition to proceed in forma pauperis on January 18, 2019. Judge Michael J. Lucas of

the Court of Common Pleas entered an order on January 18, 2019, stating the following:

> AND NOW, this 18th day of January, 2019, it appearing that [Caitlin] timely presented her petition for In Forma Pauperis status to court officials at the Senior Judge[']s Chambers, and it further appearing that pursuant to Pa.R.C.P. 240 the Prothonotary should have docketed [Caitlin's] Appeal, NUNC PRO TUNC RELIEF is GRANTED. The Prothonotary shall accept [Caitlin's] appeal for filing.

Order, 1/18/19, at 1.

Appellant filed a petition for special relief/reconsideration, challenging the order granting Caitlin's petition to appeal nunc pro tunc arguing, inter alia, that "your petitioner is not aware of any case law which indicates a first time litigant is allowed to merely drop off an envelope at a judge's office and receive an exparte [sic] Order without a presentation." Petition for Special Relief/Reconsideration, 2/5/19, at 2. A hearing was held on this petition on February 5, 2019. The transcript reflects that at the end of the hearing, the parties agreed to have additional testimony taken from the prothonotary regarding Caitlin's efforts to file the notice of the appeal on January 17, 2019. N.T., 2/5/19, at 1. Although not entirely clear, the language in the transcript indicates that the hearing with additional testimony from the prothonotary was scheduled for February 8, 2019. Despite this arrangement, the certified record does not include a transcript from a hearing on February 8, 2019, or any subsequent date, on the motion regarding the petition for relief that was continued from February 5, 2019.

- 3 -

By order dated February 8, 2019, and filed February 11, 2019, the trial court set the time for a hearing on the issue of monetary damages for February 27, 2019. Order, 2/11/19, at 1. Following the hearing, the trial court entered an order that provided as follows:

> AND NOW, this 27th day of February, 2019, based upon the testimony presented today, there is a breach of the lease, and damages are appropriate.
>
> Based on [Appellant's] Exhibit[s] 2 and 3, the [c]ourt finds that the following damages were proved by a preponderance of the evidence and with reasonable certainty: $1,400 in net rent, $268.42 in record costs, and $100 characterized as paragraph 13 damages from the lease. Total verdict today is on behalf of [Appellant] in the amount of $1,768.42.

Order, 2/28/19, at 1.

Appellant filed post-trial motions on March 11, 2019, asserting that the trial court's calculations of damages were in error. On March 19, 2019, the trial court filed the following "POST-TRIAL ORDER:"

> AND NOW, this 18th day of March, 2019 having received a courtesy copy of [Appellant's] Post-trial motions that were delivered to chambers, the following is directed:
>
> 1)    [Appellant] shall file his post-trial motion in the Prothonotary's Office if he had not already done so;
>
> 2)    On or before April 1, 2019, [Appellant] shall file and serve a brief in support [o]f his post-trial motions; and
>
> 3)    On or before April 15, 2019, [Caitlin] shall file and serve a brief in response.

Order, 3/19/19, at 1.

Appellant filed a brief in support of post-trial motions on April 1, 2019.[2] Caitlin, by and through subsequently obtained counsel, filed a response to the post-trial motion on June 17, 2019. On June 21, 2019, the trial court entered the following order, denying Appellant's post-trial motions:

> AND NOW, this 21st day of June, 2019, it is hereby ordered that [Appellant's] claims for post-trial relief are DENIED for the following reasons:
>
> 1.    With regard to damages claimed in reliance upon paragraph 13 of the parties' lease agreement, this trial court found Defendant Caitlin responsible for only two categories of damages. The remaining damages were due to conditions of the leasehold not caused by the Tenant;
>
> 2.    With regard to unpaid rent for the unexpired term of the Lease, [Appellant] had a duty to mitigate damages and the evidence did not indicate he fulfilled that duty;
>
> 3.    With regard to payments made, this trial court found Defendant Caitlin credible regarding payments she made; and
>
> 4.    With regard to Attorney's Fees, [Appellant] was self-represented and did not engage counsel; therefore he is not entitled to attorney's fees.

Order, 6/21/19, at 1-2 (internal footnotes omitted).

_____

[2]  Appellant entitled this filing, "Brief in Support of Pretrial Motions." Brief, 4/1/19, at 1. There were no pretrial motions to be briefed, however, and the timing of this filing and the filing itself indicates it was Appellant's intent to brief his post-trial motions. This error does not hamper our appellate review.

Appellant filed a notice of appeal to this Court on July 19, 2019.[3] This Court issued a rule to show cause on August 7, 2019, advising Appellant that no judgment had been entered in the trial court, and directing Appellant to praecipe the trial court prothonotary to enter judgment. On August 15, 2019, Appellant filed a response, indicating that he had praeciped the trial court for entry of judgment. The trial court docket indicates that judgment was entered in favor of Appellant on August 13, 2019.[4]

Appellant presents the following issues for our review:

I. Did the lower court err by its calculations of damages pursuant to specific provisions of the Contract to Lease?

II. Did the lower court err by its calculations of damages for rent lost pursuant to the breach of lease by [Caitlin]?

III. Did the trial court err by incorrectly granting [Caitlin] the right to appeal Nunc Pro Tunc when she filed one day late?

Appellant's Brief at 4.

We must first consider whether Caitlin filed a timely appeal from the magisterial district judge's decision. Because "an untimely appeal divests [a]

_____

[3] The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement.

[4] Appellant filed his notice of appeal from the trial court's June 21, 2019 order denying his post-trial motion. Notice of Appeal, 7/19/19, at 1. Judgment was not entered on the verdict, however, until August 13, 2019. Because an appeal properly lies from the entry of judgment and not from the denial of post-trial motions, Appellant's notice of appeal was prematurely filed. See Mount Olivet Tabernacle Church v. Edwin L. Wiegand Division, 781 A.2d 1263, 1266 n.3 (Pa. Super. 2001). Nevertheless, we will entertain the appeal because judgment subsequently has been entered on the verdict. Id. We have amended the caption to reflect this entry.

Court of jurisdiction[,]" we may consider the timeliness of an appeal sua sponte. Valley Forge Ctr. Assocs. v. Rib-It/K.P., Inc., 693 A.2d 242, 243, 245 (Pa. Super. 1997). Furthermore, Appellant also raised this question as his third issue on appeal. Appellant's Brief at 4. Appellant argues that Caitlin filed her appeal from the magistrate's judgment one day late by taking the appeal papers to the wrong judge. Id. at 15. Appellant argues this was not a breakdown in the administration of the court, but was the result of Caitlin's own negligence. Id.

We are mindful that:

> Allowance of an appeal nunc pro tunc lies at the sound discretion of the Trial Judge. This Court will not reverse a trial court's denial of a motion for leave to appeal nunc pro tunc unless there is an abuse of discretion. An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.

Fischer v. UPMC Northwest, 34 A.3d 115, 120 (Pa. Super. 2011) (internal citations and quotation marks omitted).

> Timeliness of an appeal, whether it is an appeal to an appellate court or a de novo appeal in common pleas court, is a jurisdictional question. Where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace.

Blucas v. Agiovlasitis, 179 A.3d 520, 525 (Pa. Super. 2018).

The Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges provide:

> B. A party aggrieved by a judgment for the delivery of possession of real property arising out of a residential lease may appeal therefrom within ten (10) days after the date of the entry of judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the State Court Administrator, together with a copy of the Notice of Judgment issued by the magisterial district judge. The prothonotary shall not accept an appeal from an aggrieved party which is presented for filing more than ten (10) days after the date of entry of judgment without leave of court and upon good cause shown.

Pa.R.C.P.M.D.J. 1002(B).

Thus, in order to properly file an appeal from the magistrate judge's decision, Caitlin was required to file it with the prothonotary of the court of common pleas within ten days of the magistrate judge's decision. Pa.R.C.P.M.D.J. 1002(B). As noted, the docket reflects that Caitlin's notice of appeal was filed on January 18, 2019, which was eleven days. As previously explained, Judge Lucas granted her petition for appeal nunc pro tunc on January 18, 2019, and in the order, provided the following reasons for doing so:

> AND NOW, this 18th day of January, 2019, it appearing that [Caitlin] timely presented her petition for In Forma Pauperis status to court officials at the Senior Judge[']s Chambers, and it further appearing that pursuant to Pa.R.C.P. 240 the Prothonotary should have docketed [Caitlin's] Appeal, NUNC PRO TUNC RELIEF is GRANTED. The Prothonotary shall accept [Caitlin's] appeal for filing.

Order, 1/18/19, at 1.

In Fischer we explained:

> To obtain leave to appeal nunc pro tunc, the movant must demonstrate that he or she will face more than mere hardship if

- 8 -

the request is denied. Generally, a Trial Court may grant an appeal nunc pro tunc when a delay in filing is caused by extraordinary circumstances involving fraud or some breakdown in the court's operations through a default of its officers. There is a breakdown in the court's operations where an administrative board or body is negligent, acts improperly or unintentionally misleads a party. Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties.[2]

> [2] Additionally, an appeal nunc pro tunc may be granted in some cases where an appeal was untimely filed because of non-negligent circumstances related to appellant, appellant's counsel, or an agent of appellant's counsel. For an appeal nunc pro tunc to be granted on that basis, the appellant must prove that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. The exception for allowance of an appeal nunc pro tunc in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so.

* * *

There is no requirement that a party seeking leave to appeal nunc pro tunc because of a breakdown in court operations must show lack of prejudice to the opposing party.[7]

> [7] When a movant is entitled to a nunc pro tunc appeal because of a breakdown in court operations, the only additional requirement that the movant must demonstrate is that he pursued his motion for leave to appeal nunc pro tunc within a reasonable amount of time. See Nixon [v. Nixon], 198 A. [154, 158 (Pa. 1938)] (if reason for delay in appeal is due to the

- 9 -

court, an appellant must appeal within a reasonable amount of time); Amicone v. Rok, 839 A.2d 1109 (Pa.Super.2003) (even though there was a breakdown in court operations, movant not entitled to nunc pro tunc appeal because he did not file motion within a reasonable amount of time).

Fischer, 34 A.3d at 120, 122–123 (some internal citations and quotation marks omitted).

In the case sub judice, the certified record contains transcripts from three hearings that occurred in this matter. Two of the three transcripts were from hearings addressing Caitlin's petition to appeal nunc pro tunc and reflect some of the details regarding Caitlin's attempt to file her notice of appeal.[5] At the hearing on January 30, 2019, Appellant challenged the trial court's decision to grant the appeal nunc pro tunc. He argued that the matter was "not a nunc pro tunc breakdown in the administration of justice, it's a neglect, filing one day after the deadline. The Court just can't say, hey, we're going to extend the deadline for you and everybody else." N.T., 1/30/19, at 2. The following exchange then occurred:

The Court: I don't think that's what was done.

Ma'am, were you here on the 17th?

[Caitlin]: I was here on the 18th and you approved my Order.

The Court: Okay. Did you come in on the 17th, however?

[Caitlin]: I came in on the 17th and they sent me to the senior judge downstairs.

_____

[5] As discussed supra, the third transcript is from a February 27, 2019 hearing that addressed the claims of monetary damages.

- 10 -

The Court: That's what happened. It went to a judge and it wasn't signed.

[Appellant]:     Well, that's not my problem, Judge.

The Court: That's a breakdown of the court system, [Appellant].

* * *

The Court: [Appellant], hold on.

It should have come to me, it wasn't.[sic] She was misdirected to the senior judge who didn't sign it and sent it to my chambers the next day. It should have been handled on the 17th by the court system, it wasn't. So I granted the relief that day and I placed that in my Order that she had been timely on the 17th.

* * *

. . . She has a right, as an indigent litigant, to docket her appeal over there. They didn't do that. They sent her to a judge to get an IFP. If you read [Pa.R.C.P. 240, 240] says she has the right to have that docketed and has ten days to either pay it or get before a judge on an IFP. That didn't happen. They sent her downstairs to the senior judge. It stayed there. It came to me on the 18th. I signed it. She is entitled to have that docketed on the 17th.

N.T., 1/30/19, at 3-4.

Appellant filed a petition for special relief regarding this issue, and a hearing was held on February 5, 2019. The following exchange occurred regarding Caitlin's filing of her petition to appeal nunc pro tunc:

[Appellant]: If it pleases the [c]ourt, after drilling down into this situation, I have discovered that there was no presentation to any judge, even though it was alleged it was a wrong judge.

BJ [apparently a staff member for the senior judge] informed me downstairs that an envelope was stuffed in her door

when she got back from lunch.  That's not presentation.  It's not filing.  And it was the day after the last day to file the appeal.

The Court:  So BJ told you that was on the 18th, not the 17th?

[Appellant]:  Uh-huh.  That's the day that she somehow managed to take it up here, and I don't think -- well, you know.  Did she present it to you?

The Court:  Yes, she did.

[Appellant]:  She was in motions court?

The Court:  She came in -- no, I'm general civil motions.  And Rule 240 of the Rules of Civil Procedure requires a [c]ourt to act promptly on any IFP Petition.

She came in with an IFP Petition.

Ma'am, were you here in the courthouse on January 17th?

[Caitlin]:  Yes, I was.

The Court:  Tell us what happened when you went to the Prothonotary's Office.

[Caitlin]:  They sent me to Judge -- is that Judge Neuman over here?

The Court:  They sent you to Judge Neuman?

[Caitlin]:  Yes.  And the -- I guess the secretary came out, and she said -- I was on my lunch hour anyways at work -- she came out and said that it needed to go in front of the judge downstairs.  And I went down, and they were at lunch.  So ---

The Court:  This was on the 17th?  Not the 18th?

[Caitlin]:  Yes.  It was the 17th.

And your secretary called me the next day and said I needed to come up and sign the paperwork and present it to you.

- 12 -

The Court:  So when you went to the Prothonotary's Office on the 17th, what was your purpose?

[Caitlin]:  To file an appeal.

The Court:  And did you try to file the appeal?

[Caitlin]:  She told me I had to take the paperwork to a judge first.

The Court:  And what paperwork did she tell you that you had to take?

[Caitlin]:  She gave me, like, a packet, sort of, and it had, like, a bunch of copies.

The Court:  Did that include the IFP Petition?

[Caitlin]:  I think so.  Because the 18th, when I came up, that's when I came to your office and you signed it.  Because your secretary had called me.

The Court:  [Appellant], did you look at my Order in this case?

[Appellant]:  I haven't got[ten] it yet.

The Court:  No.  The Order I signed granting the appeal nunc pro tunc.  Have you examined it?

[Appellant]:  Yeah.  She put in the petition she went to the wrong judge.

The Court:  Well, no.  The reason why I granted it, if you read my Order, was on the basis of Rule 240.  The Prothonotary, by that Rule, when an indigent litigant comes in, must docket the appeal.  Our Prothonotary didn't do that.  She was entitled to have it filed on the 17th.

[Appellant]:  Well, we don't know that.  We're on her word alone.  So if anything, we need to have a hearing.

The Court:  Very well.

[Appellant]:  And the Prothonotary can come in here.

The Court:   You want to have a Prothonotary in for a hearing? We'll do that.  We'll do that so we can clear this up and get to the bottom of it.

I appreciate your investigation with Senior Judge's staff.  If you want to have those members come up, we'll do that as well.

Ma'am, when are you available for a hearing?

N.T., 2/5/19, at 1-5.

The transcript reflects that the parties then discussed the scheduling of an additional hearing to address this matter.  N.T., 2/5/19, at 5-8.  While several dates were discussed, it appears that the parties had scheduled the hearing for Friday, February 8, 2019.  Id. at 7.

Despite this discussion of continuing the hearing to obtain additional testimony, inexplicably, no reference is made in the certified record to any further hearing on this matter on February 8, 2019, or any other date.  Indeed, the next hearing was held on February 27, 2019, regarding monetary damages resulting from the breach of the Lease.  There was no discussion at that hearing regarding the testimony of the prothonotary or any other court official regarding Caitlin's filing of the petition to appeal nunc pro tunc.  N.T., 2/27/19, at 4-54.

As noted in Fischer, the two bases upon which a petition for allowance of appeal nunc pro tunc may be founded are "when a delay in filing [an appeal] is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers."  Fischer, 34 A.3d at

- 14 -

120. Neither of those circumstances exists in this case. The record does not establish extraordinary circumstances involving fraud. Moreover, we cannot agree on the basis of the record before us that a breakdown in the court's operation through a default of its officers was established.

As outlined above, an appeal from a magistrate judge shall be filed with the prothonotary of the court of common pleas within ten days. Pa.R.C.P.M.D.J. 1002(B). Here, there is insufficient evidence of record that Caitlin, in fact, attempted to file her notice of appeal with the prothonotary. As explained, although the parties and court planned to have a hearing to address Caitlin's unsupported assertion,[6] including receiving testimony from the prothonotary, no such hearing is reflected in the certified record.

Furthermore, an attempt to file a notice of appeal with a judge's chamber would not constitute proper filing. Pa.R.C.P.M.D.J. 1002(B). Moreover, the act of "stuffing" documents in an unmanned office door cannot be deemed a non-negligent attempt to file a notice of appeal.

_____

[6] In fact, review of the notes of testimony reflects that it was the trial judge that framed the question regarding Caitlin's attempt to file the petition and inserted the identification of the prothonotary as the location in the courthouse that Caitlin first visited. N.T., 2/5/19, at 3. Caitlin simply answered the question as asked. Id. At no point in the record does Caitlin assert that she attempted to file the notice of appeal with the prothonotary. Indeed, her petition to file an appeal nunc pro tunc indicates that she "turned [her] paperwork into the wrong judge." Petition to Appeal Nunc Pro Tunc, 1/18/19, at 1.

The fact that Cailtin was proceeding pro se at that time does not excuse the error in filing the notice of appeal. "Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant." In re Ullman, 995 A.2d 1207, 1211-1212 (Pa. Super. 2010). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." Id. at 1212. Accordingly, a litigant's pro se status does not relieve him of the duty to follow the Pennsylvania Rules of Appellate Procedure. Jiricko v. Geico Ins. Co., 947 A.2d 206, 213 n.11 (Pa. Super. 2008).

We conclude that the trial court abused its discretion and committed an error of law when it granted Caitlin's nunc pro tunc appeal without considering and applying the mandatory factors that must be present before nunc pro tunc relief may be granted. Fisher, 34 A.3d at 120. We further rule that the record evidence does not reveal fraud, non-negligent circumstances, or an administrative breakdown as the cause for Caitlin's late filing. There were no extraordinary circumstances to justify the trial court's extension of the mandated ten-day appeal period.

For all of the above reasons, the trial court's order granting Caitlin's petition to appeal nunc pro tunc is reversed.[7]  Case remanded for the reinstatement of the Magistrate Judge's order.  Jurisdiction relinquished.

Judge Murray joins this Memorandum.

Judge Strassburger concurs in the result.


Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/28/2020

_____

[7] In light of our disposition, we need not address Appellant's remaining issues.